still have to be dismissed for non-compliance with the bankrupt laws, in prosecuting the case. *In re Young*, 9 FED. REP. 146, bears no resemblance to this case.

The petition must be dismissed.

---

### In re HENDERSON.

*(Circuit Court, S. D. Ohio, W. D.   February 23, 1882.)*

INVOLUNTARY BANKRUPTCY.
 *In re* Henderson, 9 FED. REP. 196, affirmed.

On Review from the District Court.
*Bateman & Harper*, for petitioning creditors.
*Follett, Hyman & Dawson, contra.*

BAXTER, C. J.   The decision of the district court will be affirmed, for the reasons stated by Judge Swing, as reported in *Re Henderson*, 9 FED. REP. 196.

---

### BIGELOW CARPET Co. v. DOBSON.*

### HARTFORD CARPET Co. v. SAME.*

*(Circuit Court, E. D. Pennsylvania.   January 27, 1882.)*

1.  INFRINGEMENT—ASCERTAINMENT OF DAMAGES.
  In cases of wilful infringement respondents ought to be held to the most rigid accountability, and no intendment ought to be made in their favor founded upon the alleged inconclusiveness of the complainant's proof of loss. Such proof ought to be interpreted most liberally in favor of complainants, within the limit of an approximately accurate ascertainment of their damages.

2.  SAME.
  Where, in a suit for infringement of a patent for a carpet design, the evidence showed the quantity of complainants' carpet sold during the season of its first introduction, its cost, the profit upon it, the quantity of the infringing carpet sold by respondents during the following season, and that there was a decline in complainants' sales, the measure of damage is the profits which would have accrued to complainants upon the quantity of carpets sold by respondents. This latter quantity must, under the circumstances, be presumed to have displaced an equal quantity of complainants' carpets.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.